UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| BILLY W. C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-cv-04003-SLD-JEH |
| | ) |
| KILOLO KIJAKAZI, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is the parties' Stipulation to Award of Attorney Fees and Costs, ECF No. 18. The parties request that the Court award Plaintiff Billy W. C. $9,000.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1), which provides that a court may award fees and expenses to a prevailing party in any civil action brought by or against the United States. For the following reasons, the stipulation is GRANTED.

## BACKGROUND

Billy filed this suit on January 5, 2021, seeking judicial review of the Commissioner of Social Security's ("the Commissioner") final decision denying his claim for disability benefits. Compl. 1, ECF No. 1. On August 23, 2021, the parties filed a Joint Motion for Remand. Joint Mot. Remand, ECF No. 14. The Court found the remand request appropriate and accordingly reversed the Commissioner's decision and remanded the cause to the Commissioner for a new hearing pursuant to sentence four of 42 U.S.C. § 405(g). Sept. 9, 2021 Order 1–2, ECF No. 15. Judgment was entered on September 13, 2021. Judgment, ECF No. 16. The parties filed the instant stipulation on December 8, 2021.

## DISCUSSION

I.   **Attorney's Fees Under the EAJA**

Under the EAJA, a successful litigant against the federal government is entitled to recover his attorney's reasonable fees if: (1) he is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) he filed a timely application with the district court.  28 U.S.C. § 2412(d)(1)(A); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, Billy is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in his favor and his case remanded to the Commissioner for further review. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (alteration in original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))).

The next question is whether Billy's request for attorney's fees is timely.  Section 2412(d)(1)(B) requires that a party seeking an award of fees submit to the court an application for fees and expenses within 30 days of final judgment in the action.  The term "final judgment" refers to judgments entered by a court of law, not decisions rendered by an administrative agency.  *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991).  Moreover, in Social Security cases involving a remand, the filing period for attorney's fees does not begin tolling until the judgment is entered by the court, the appeal period has run, and the judgment has thereby become unappealable and final.  *Id*. at 102; *Schaefer*, 509 U.S. at 302 ("An EAJA application may be

filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended."). Here, judgment was entered on September 13, 2021, and the parties filed the instant stipulation on December 8, 2021, 86 days later. Either party would have had 60 days to appeal, *see* Fed. R. App. P. 4(a)(1)(B), plus the 30-day allowance in accordance with Section 2412(d)(1)(B). Thus, the parties had to make any EAJA application within 90 days of entry of judgment. Because the parties' stipulation falls within this window, the Court finds the request is timely.

The next issue is whether the government's position was "substantially justified." Attorney's fees may be awarded if either the Commissioner's litigation position or her pre-litigation conduct lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases and a reasonable connection between the facts and her legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). Critically, the Commissioner has the burden of proving that her position was substantially justified. *Golembiewski*, 382 F.3d at 724 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). Here, the parties have jointly filed a stipulation for attorney's fees. Stipulation Att'y Fees 1. The Commissioner thus cannot be said to have met her burden of establishing that both her litigation position and her pre-litigation conduct were substantially justified.

Finally, no special circumstances exist that would make an award of attorney's fees unjust. Therefore, Billy is entitled to recover reasonable attorney's fees under the EAJA.

## II.     Reasonableness of Billy's Attorney's Fees

It is a successful litigant's burden to prove that the attorney's fees he requests are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Reasonable fees are calculated by

multiplying the appropriate number of hours worked by a reasonable hourly rate. *Id*. at 433. The rate is calculated with reference to prevailing market rates and capped at $125 per hour unless the court determines that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved," warrants a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). The Seventh Circuit has set forth the following standard for EAJA claimants seeking a higher hourly rate:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate need not offer either (1) proof of the effects of inflation on the particular attorney's practice or (2) proof that no competent attorney could be found for less than the requested rate. Instead, an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience. An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).

To determine the appropriate number of hours worked, the Court turns to Billy's attorney's itemization of hours. Att'y Time Statement, ECF No. 18-1. The itemization shows that Billy's attorney spent 46.5 hours on his case, with a further 0.25 hours spent on the case by support staff. *Id*. The Court finds that all 46.75 hours spent on this case were appropriately billed. *Cf. Kinsey-McHenry v. Colvin*, Cause No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (noting that courts within the Seventh Circuit have found 40 to 60 hours expended on a Social Security appeal reasonable).

Billy's attorney asserts that his work should be compensated at the hourly rates of $203.08 for work performed in May 2021 and $203.91 for work performed in June 2021. Att'y Time Statement 4–5. To justify the requested rates, he points to the change in the consumer

price index ("CPI") for consumers in the Chicago-Naperville-Elgin area[1] between the time Congress set the rate cap at $125 per hour (March 1996) and the average CPI as of May and June 2021. *Id.* He further provides an attestation that the requested rates do not exceed the prevailing market rate for attorneys of similar caliber. Johnson Aff. ¶¶ 5–7, ECF No. 19-1.

The Court finds that an increase above the statutory $125 ceiling is warranted both by the changes in the CPI and by the assurances contained in the affidavit that the rate of compensation sought is not excessive. To determine what fee increase above the statutory ceiling may be authorized, courts have looked to the ratio of the CPI at the time legal services were rendered to the CPI at the time the current statutory limit of $125 was set. The $125 limit is multiplied by this ratio to determine the proportional change in rate. *See, e.g.*, *Booker v. Colvin*, No. 09 C 1996, 2013 WL 2147544, at *6 (N.D. Ill. May 16, 2013); *Carnaghi v. Astrue*, No. 11 C 2718, 2012 WL 6186823, at *5 (N.D. Ill. Dec. 12, 2012).

The work in this case was performed during May and June 2021. The May 2021 CPI for the Chicago-Naperville-Elgin area was 253.934; the June 2021 CPI for the same area was 254.974. *See CPI for All Urban Consumers (CPI-U), Chicago-Naperville-Elgin Area*, U.S. Bureau of Labor Statistics, https://beta.bls.gov/dataViewer/view/timeseries/CUURS23ASA0 (change time period to from 1996 to 2022) (last visited April 18, 2022). As the CPI in March 1996 was 156.3, *id.*, the CPI had increased by a factor of 1.62466 in May 2021 and 1.63131 in June 2021. An increase of the $125 statutory cap to $203.08 for May 2021 and $203.91 for June 2021 is therefore warranted. Using these rates, the total amount of attorney's fees for the 42

---

[1] There is some confusion in the case law over whether courts should use a regional CPI or the national CPI. *See, e.g.*, *Jensen v. Berryhill*, 343 F. Supp. 3d 860, 865–67 (E.D. Wis. 2018) (noting that district courts in the Seventh Circuit have used both the national and regional CPIs). The Court will follow Billy's attorney's lead and use the Chicago-Naperville-Elgin CPI in calculating the change in CPI between March 1996 and the months in which he worked on this case.

hours of work Billy's attorney performed in May 2021 is $8,529.36, and the total amount of attorney's fees for the 4.5 hours of work Billy's attorney performed in June 2021 is $917.60, coming to a total of $9,446.96. *See* Att'y Time Statement 4–5.

Billy further asserts that the work performed by support staff should be compensated at an hourly rate of $40.00. Att'y Time Statement 1. This hourly rate is reasonable. *See Chorak v. Astrue*, Civil No. 2:11CV114, 2012 WL 1577448, at *2 (N.D. Ind. May 4, 2012) (collecting cases awarding a $100.00 hourly rate to law clerks and paralegals). In this case, support staff expended a total of 0.25 hours. This results in a total of $10.00. Combining this figure with that for the attorney's work, $9,446.96, yields a total of $9,456.96. Billy requests a lesser amount of $9,000.00. This amount is reasonable. *See, e.g.*, *Miller v. Comm'r Soc. Sec.*, No. 1:16-cv-00122-SLC, 2018 WL 5668934, at *3, *5 (N.D. Ind. Nov. 1, 2018) (awarding an hourly rate of $190.00 for a total of $11,457.00 in fees and collecting cases approving similar rates).

## CONCLUSION

Accordingly, the Stipulation to Award of Attorney Fees and Costs, ECF No. 18, is GRANTED. Plaintiff Billy W. C. is awarded $9,000.00 in EAJA fees. This amount may be offset to satisfy any pre-existing debt that Billy owes to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). If Billy provides a valid assignment of fees and the Commissioner can verify that Billy does not owe a pre-existing debt to the United States subject to offset, the Commissioner shall direct payment of the award to Billy's attorney. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011), *overruled on other grounds by Sprinkle*, 777 F.3d 421. If Billy does owe a pre-existing debt subject to offset in an amount less than the EAJA award, the Commissioner will instruct the U.S. Department of the Treasury that any check for

the remainder after offset be made payable to Billy and mailed to the business address of Billy's attorney.

    Entered this 2nd day of May, 2022.

                                                   s/ Sara Darrow
                                                 SARA DARROW
                                   CHIEF UNITED STATES DISTRICT JUDGE